UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BALWINDER SINGH,

                Plaintiff,

                -against-

THE CITY OF NEW YORK, P.O. MANDEEP CHEEMA, Tax Id. No. 950196, Individually and in his Official Capacity, and POLICE OFFICERS "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

       Plaintiff BALWINDER SINGH, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows that:

## PRELIMINARY STATEMENT

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

       2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

       3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

       4.    Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.   Plaintiff BALWINDER SINGH is an Indian American male and has been at all relevant times a resident of Queens County in the State of New York.

7.   Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.   Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.   At all times hereinafter mentioned, the individually named defendants P.O. MANDEEP CHEEMA, Tax Id. No. 950196 and P.O.s "JOHN DOE" #1-#10 ("NYPD defendants") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.   At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.   Each and all of the acts of the NYPD defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the NYPD defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about February 28, 2018, at approximately 6:50 a.m. plaintiff BALWINDER SINGH was lawfully in his home at 130-18 Atlantic Avenue in Queens, New York.

14. At the aforesaid time and place, plaintiff's wife called 911 requesting medical assistance for him due to a medical issue.

15. Thereafter, despite the fact plaintiff's wife requested EMS, several NYPD officers – including defendants CHEEMA and/or "JOHN DOE" #1-10 – arrived at plaintiff's home.

16. The defendant officers – CHEEMA and/or "JOHN DOE" #1-10 – then entered plaintiff's home, and ordered him to get dressed.

17. After plaintiff was dressed, defendants CHEEMA and/or "JOHN DOE" #1-10 ordered plaintiff to turn around, place his hands behind back, and informed him that they were going to handcuff him, even though he had not committed any crimes or violations of the law.

18. Plaintiff complied with defendants CHEEMA and/or "JOHN DOE" #1-10 and held out his hands to allow these officers to handcuff him, but then, without provocation or any legal/legitimate reason to do so, one of the aforementioned defendant officers violently tackled plaintiff to the ground causing him to suffer, *inter alia*, serious physical injury to his shoulder, lower back, and neck.

19. Plaintiff was then detained by these officers before they eventually transported him to a nearby hospital.

20. Plaintiff remained at the hospital, for several hours before he was finally released without being charged with any crimes and/or infractions.

21. At no time on February 28, 2018 did plaintiff commit any crimes and/or offenses or behave unlawfully in any way, nor did the defendant officers CHEEMA and/or "JOHN DOE" #1-10 have probable cause for his arrest.

22. Moreover, defendants CHEEMA and/or "JOHN DOE" #1-10's use of force against plaintiff upon arresting him on February 28, 2018 was neither justified, nor reasonable under the circumstances.

23. As a result of his arrest and the unreasonable force employed by the defendant officers CHEEMA and/or "JOHN DOE" #1-10, Mr. Singh suffered, *inter alia*, a torn rotator cuff to his right shoulder requiring surgical repair.

24. Further, as a result of this injury, plaintiff was unable to work and lost wages.

25. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, lost wages, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of his constitutional rights.

## FEDERAL CLAIMS

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth

Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

33. As a result of the aforesaid conduct by defendants CHEEMA and/or "JOHN DOE" #1-10, plaintiff's person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

34. As a result of the aforesaid conduct by defendants CHEEMA and/or "JOHN DOE" #1-10, plaintiff was subjected to an illegal, improper and false arrest by the defendants,

taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

37. The level of force employed by defendants CHEEMA and/or "JOHN DOE" #1-10 was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

38. As a result of the foregoing, plaintiff sustained, inter alia, bodily injuries, including, but not limited to, a torn rotator cuff in his right shoulder requiring surgical repair, neck and back pain, and swelling of his hands and wrists.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

40. Defendants CHEEMA and/or "JOHN DOE" #1-10 had an affirmative duty, and the opportunity to intercede, when plaintiff's constitutional rights were being violated in defendants' CHEEMA and/or "JOHN DOE" #1-10 presence by the use of excessive force.

41. Defendants CHEEMA and/or "JOHN DOE" #1-10 further violated plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

42. As a result of the defendants' CHEEMA and/or "JOHN DOE" #1-10 failure to intercede when plaintiff's constitutional rights were being violated in defendants' CHEEMA and/or "JOHN DOE" #1-10 presence, plaintiff sustained, *inter alia*, physical and emotional injuries, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without justification.

## FIFTH CLAIM FOR RELIEF FOR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

44. Defendants caused excessive force to be utilized against plaintiff without justification or provocation causing plaintiff severe injuries in violation of his constitutional rights.

45. Defendants caused plaintiff's liberty to be restricted through their violent and illegal acts of excessive force in violation of the constitutional rights of plaintiff.

46. Defendants caused plaintiff to be handcuffed continuously while he was admitted to the hospital for treatment for his injuries despite having no reasonable justification for doing so, despite the fact that he posed no risk of flight or danger and had not committed any crime or offense.

47. The acts complained of were carried out by the aforementioned individual defendants and subordinate officers of the NYPD officers, including P.O. CHEEMA and/or P.O. "JOHN DOE"'s #1-10 in their capacities as NYPD officers and officials, with all the actual and/or apparent authority attendant thereto.

48. The acts complained of were carried out by the aforementioned individual defendants and subordinate NYPD officers, including P.O. CHEEMA and/or P.O. "JOHN DOE"'s #1-10 in their capacities as NYPD officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York.

49. The failure to train officers and employees, and the failure to supervise and/or discipline staff responsible for theses acts are so institutionalized as to represent a policy or custom of unconstitutional violations that have resulted in the deprivation of plaintiffs' rights.

50. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, the NYPD include, but are not limited to, the following unconstitutional practices:

   i. Utilizing excessive force in connection with arrests when there is no excuse or justification for any such force;

   ii. Requiring that individuals be and remain handcuffed during any hospitalization following arrests regardless of whether a crime has been committed and/or the necessity of the handcuffing to prevent escape or danger to themselves or others; and/or,

   iii. Deliberate indifference to training officers in how to respond to jobs involving individuals requiring medical attention;

   iv. Deliberate indifference to training officers responding to non-violent individuals who are intoxicated;

51. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct by the NYPD and from the statistics, records and reports maintained by City Agencies.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

55. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD, plaintiff was arrested without probable cause or any legal basis and subjected to excessive force, detention, search, restraints, handcuffing and verbal, mental and physical abuse in violation of their constitutional rights.

56. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

57. Defendants, collectively and individually, while acting under color of state law, acquiesced in and encouraged a pattern of unconstitutional conduct by subordinate NYPD officers, and were directly responsible for the violation of the constitutional rights of plaintiff.

58. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    ii. Not to be deprived of liberty without due process of law;

    iii. To be free from search, seizure and arrest not based upon probable cause;

    iv. To be free from excessive force incident to arrest; and,

    v. To receive equal protection under the law;

**PENDANT STATE CLAIMS**

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

60. On or about April 9, 2018, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

61. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

62. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was held on or about June 8, 2018.

63. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

64. Plaintiff has and/or will comply with all conditions precedent to maintaining the instant action.

65. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**FALSE ARREST/IMPRISONMENT**

66. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

67. Defendants CHEEMA, and/or "JOHN DOE" #1-10 arrested plaintiff in the absence of probable cause and without a warrant.

68. As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, he suffered economic damages, and was humiliated and subjected to handcuffing and other physical restraints.

69. Plaintiff was conscious of said confinement and did not consent to the same.

70. The confinement of plaintiff was without probable cause and was not otherwise privileged.

71. As a result of the aforesaid conduct by defendants CHEEMA, and/or "JOHN DOE" #1-10, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings. The aforesaid actions by the defendants constituted a deprivation of plaintiff's rights.

72. As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

74. Defendants CHEEMA, and/or "JOHN DOE" #1-10 aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

75. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

77. Defendants CHEEMA, and/or "JOHN DOE" #1-10 touched plaintiff in a harmful and offensive manner.

78. Defendants CHEEMA, and/or "JOHN DOE" #1-10 did so without privilege or consent from plaintiff.

79. As a result, plaintiff sustained, inter alia, bodily injuries, including, but not limited to, a torn rotator cuff in his right shoulder requiring surgical repair, neck and back pain, and swelling of his hands and wrists.

80. Further, as a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

82. The aforementioned conduct of defendants CHEEMA, and/or "JOHN DOE" #1-10, was extreme and outrageous, and exceeded all reasonable bounds of decency.

83. The aforementioned conduct was committed by defendants CHEEMA, and/or "JOHN DOE" #1-10, while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

84. The aforementioned conduct was committed by defendants CHEEMA, and/or "JOHN DOE" #1-10, while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

85. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

86. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

87. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

88. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

89. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

90. Due to the negligence of the defendants as set forth above, plaintiff suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

91. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
January 31, 2019

BY: _____/S_____
JOSHUA FITCH
GERALD COHEN
ILYSSA FUCHS
COHEN & FITCH LLP
*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
jfitch@cohenfitch.com
gcohen@cohenfitch.com
ifuchs@cohenfitch.com